THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXEI KUZMIN,<br><br>Plaintiff,<br><br>v.<br><br>TALISMAN MARINE INSURANCE PROTECTED CELL INC. d/b/a TALISMAN MARINE INSURANCE COMPANY INC., *et al.*,<br><br>Defendants. | CASE NO. C25-1395-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion (Dkt. No. 23) to strike Defendants Talisman Marine Insurance Protected Cell Inc. (d/b/a Talisman Insurance Company Inc.) and Talisman Insurance Company Inc.'s (collectively "Talisman") answer and counterclaim. Having thoroughly considered the briefing and relevant record, the Court GRANTS in part and DENIES in part Plaintiff's motion for the reasons explained herein.

This is an insurance coverage action. According to the complaint, Plaintiff owns the commercial fishing vessel F/V MYSTERY, which grounded about 30 miles west of Sand Point, Alaska. (Dkt. No. 17 at 3, 8.) After its grounding, the vessel capsized, broke into pieces, and washed ashore. (*Id.* at 8.) At the time, Plaintiff had insured the vessel, through Talisman, for $1,000,000 in protection and indemnity ("P&I") coverage, and $800,000 in hull and machinery

("H&M") coverage. Talisman was not admitted or authorized by Alaska to issue such coverage, nevertheless, it did. (*Id.* at 7–9.) Following the incident, Talisman denied Plaintiff's P&I and H&M insurance claim. (*Id.*) Plaintiff then sued both Talisman and the insurance brokers involved in binding coverage. (*See* Dkt. No. 1.) According to a First Amended Complaint, Plaintiff seeks damages exceeding coverage amount(s). (*See* Dkt. No. 17 at 30.)

Talisman recently answered and counterclaimed to Plaintiff's suit (Dkt. No. 20). Before doing so, though, it did not lodge an appearance bond. (*See generally* Dkt. Nos. 3, 11, 20.) Thus, Plaintiff moves to strike Talisman's answer and counterclaim. (Dkt. No. 23.) Plaintiff's motion is based on Alaska insurance law, which provides that non-admitted insurers must post a bond prior to filing a pleading. AS 21.33.031. In moving to strike, Plaintiff also seeks an order containing findings that Alaska law applies here and thus, such a bond is required, along with a directive to Talisman to post the bond before refiling its pleading. (Dkt. No. 23-1.)

To its credit, Talisman does not dispute that Alaska insurance law applies. (*See* Dkt. No. 28 at 3.)[1] Nor does Talisman dispute that it is an unadmitted carrier in Alaska. (*Compare* Dkt. No. 23 at 5, *with* Dkt. No. 28 at 7–8.) Instead, Talisman suggests that, under Alaska law, an appearance bond is not required for a wet marine and transportation insurance policy like the one at issue here. (*See* Dkt. No. 28 at 6–9) (citing AS 21.33.042(8)). The argument is not well taken.

Alaska law is not ambiguous. Chapter 33 of Title 21 of the 2024 Alaska statutes governs unauthorized insurers. And section .031 articulates the duties and rights of such an insurer if named as a defendant in an action governed by Alaska insurance law. And the provision requires that such a bond be lodged *before* the carrier file a responsive pleading. AS 21.33.031. Whereas, section .042, which Talisman relies on in its opposition to Plaintiff's motion, (*see* Dkt. No. 28 at 6–9), only applies to *suits* brought by such insurers. AS 21.33.042. Thus, it is of no import here.

---

[1] This position is consistent with relevant federal authority. *See Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 668 (9th Cir. 1997) (finding that state law applies to maritime insurance disputes, so long as it does not "offend federal admiralty prerogatives").

ORDER
C25-1395-JCC
PAGE - 2

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion (Dkt. No. 23), and ORDERS as follows:

1. Talisman's answer and counterclaim (Dkt. No. 20) shall be STRICKEN.
2. Talisman has 14 days from the date of this order to file a pleading responsive to the First Amended Complaint.
3. Before Talisman may do so, it must lodge an appearance bond compliant with AS 21.33.031 in the amount of $1.8 million.[2]
4. If Talisman does not do so (within the required timeline), Plaintiff may move for Rule 55 default.

It is so ORDERED this 28th day of October 2025.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asks that the Court direct Talisman to post a $14 million bond. This is based, in part, on Plaintiff's pleaded damages, which exceed $10 million. (Dkt. No. 17 at 30.) But, at present, damages are wholly unproven. Thus, a bond corresponding to this amount would be unjust.