THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXEI KUZMIN,

      Plaintiff,

  v.

TALISMAN MARINE INSURANCE
PROTECTED CELL INC. d/b/a TALISMAN
MARINE INSURANCE COMPANY INC., *et
al.*,

      Defendants.

CASE NO. C25-1395-JCC

ORDER

This matter comes before the Court on Defendant the Gallagher group's[1] (collectively "Gallagher") motion for partial summary judgment (Dkt. No. 48). Having thoroughly considered the briefing and relevant record, the Court GRANTS the motion in part and DENIES the motion in part as described herein.

I.  **BACKGROUND**

As the Court previously described, this is an admiralty insurance case governed by a combination of Alaska insurance law and federal maritime law. (*See* Dkt. No. 30 at 2.) It follows an incident on or around December 10, 2024, when Plaintiff's commercial fishing vessel F/V

---

[1] These Defendants are composed of Arthur J. Gallagher Risk Management Services, Inc. and Arthur J. Gallagher Risk Management Services, LLC. (Dkt. Nos. 15 at 1, 17 at 3.)

ORDER
C25-1395-JCC
PAGE - 1

MYSTERY broke apart 30 miles west of Sand Point, Alaska (outside of port). (*See* Dkt. No. 17 at 8.) Defendant insurer the Talisman group[2] (collectively "Talisman") denied coverage for Plaintiff's loss. (*Id.* at 8–9.) Plaintiff says this was based, according to Talisman, on the policy's "lay up warranty and port risk endorsement." (*Id.* at 9.)

Pursuant to the provision, incorporated within Talisman's policy, Plaintiff warrantied (to Talisman) that the vessel would be laid-up in Homer, *i.e.*, not operating, between November 15th and January 1st. (Dkt. No. 49-3 at 15.) If it left port during that time, the policy would "terminate." (*Id.*) Thus, there was no coverage for the incident. (Dkt. No. 17 at 9.) According to Plaintiff, though, he "did not apply for or request the lay up warranty" and no one provided him with "reasonable notice of or advice" of this provision. (*Id.* at 8.) This includes Talisman and Gallagher (Plaintiff's retail broker for the policy). (*Id.*) Thus, Plaintiff sued Talisman and Gallagher, along with Gallagher's wholesale broker, Pacific Marine & Energy Resources Inc. ("Pacific Marine"), for breach of contract, bad faith, and negligence. (*See id.* at 2, 3.)

Gallagher, in now[3] moving for partial summary judgment, asks the Court to rule, at least for purposes of the policy portion considered wet marine insurance, that the lay-up warranty and/or port risk endorsement is invalid. (*See generally* Dkt. No. 48.) This is because Talisman failed to adhere to notice requirements when incorporating the provision(s) into Plaintiff's policy renewal. (*See id.* at 9–27.)[4] Gallagher contends no genuine issues of fact exist that would preclude a finding that, by failing to provide adequate notice of the change, as a matter of law,

---

[2] Those Defendants are Talisman Insurance Company, Inc. and Defendant Talisman Marine Insurance Protected Cell, Inc., *d/b/a* Talisman Marine Insurance Company Inc. (Dkt. Nos. 11 at 1, 17 at 2–3.)

[3] Gallagher says it does so to "materially narrow the issues for trial" and "eliminate defenses and cross-claims predicated on an invalid coverage limitation[s]." (Dkt. No. 48 at 8.)

[4] Under Alaska law, a surplus wet marine insurer must affirmatively notify an insured if a policy renewal materially reduces coverage (unless the change was specifically requested by the insured). *See* AS 21.34.900, 21.36.235 (2023), 21.97.900.

ORDER
C25-1395-JCC
PAGE - 2

Talisman's lay-up warranty and port risk endorsement are invalid, at least as to wet marine coverage provided by the policy. (*See generally* Dkt. No. 48.)

## II.    DISCUSSION

### A.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering such a motion, the Court views the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Conversely, if that showing is made, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

### B.    Analysis

It is uncontroverted that Talisman first incorporated the port risk endorsement and warranty provision at issue into Plaintiff's 2023 policy renewal and then reincorporated it into the 2024 policy renewal (for which it denied coverage). (*See generally* Dkt. Nos. 48, 51, 53.)[5] Gallagher argues this change represented a "material restriction" or a "reduction in coverage"

---

[5] The specifics are as follows: Plaintiff's 2022 policy included a less-restrictive port risk endorsement and warranty. It simply provided that, if the vessel were laid-up, it would be in Homer. (Dkt. No. 49-1 at 15.) It did not represent when or even if that would occur. (*Id.*) And it did not require Plaintiff to notify Talisman if it left Homer. (*See generally id.*). Plaintiff's 2023 policy renewal, for the first time, mandated that the lay-up would, in fact, occur between "11/15 to 01/01." (Dkt. No. 49-2 at 15.) It also indicated Plaintiff must "notif[y Talisman] in advance of any operations [Plaintiff] wishe[d] to take" during the time. (*Id.*) The 2024 policy (for which coverage is at issue) incorporated this restrictive language. (*See* Dkt. No. 49-3 at 15.)

ORDER
C25-1395-JCC
PAGE - 3

under AS 21.36.235, triggering a notice requirement. (*See generally* Dkt. No. 48.) Further, says Gallagher, because Talisman failed to comply with that notice requirement, the port risk endorsement and warranty provision has no effect for the 2024 policy year. (*Id.*) Meaning, it is to be disregarded. (*Id.*) Interpretation and application of AS 21.36.305 and AS 21.36.260, thus, drive disposition of Gallaher's motion. Those statutes (as in effect at the time) mandated the following:

> (a) . . . if after renewal there will be a material restriction or reduction in coverage not specifically requested by the insured, written notice shall be mailed to the insured and to the agent or broker of record as required by AS 21.36.260 . . .
> (b) If notice . . . is not given as required by (a) of this section, the existing policy shall continue until the insurer provides notice . . .

AS 21.36.235 (2023).[6]

> If a notice is required from an insurer under this chapter, the insurer shall
> (1) mail the notice by first class mail to the last known address of the insured and
> (2) obtain a certificate of mailing from the U.S. Postal Service.

AS 21.36.260 (2023).[7]

In seeking summary judgment, Gallagher points to Talisman's admission that the 2023 change represented a "material restriction" or a "reduction in coverage" under AS 21.36.235. (*See* Dkt. No. 48 at 5–7) (citing Dkt. No. 49-4 at 8) (Talisman's admission that it "considered the lay-up warranty to be a material term of coverage, meaning a term that would reduce, limit, or eliminate coverage"). Gallagher further points to Talisman's admission that this language reflected its standard underwriting, *i.e.*, Talisman did not make the change at Gallagher or Pacific Marine's request. (*See* Dkt. No. 48 at 18–19) (citing Dkt. No. 49-4 at 3–6). Meaning, says Gallagher, Plaintiff Talisman "imposed [this change] unilaterally." (*Id.* at 20.) Gallagher then argues that AS 21.36.235 and AS 21.36.260 collectively demand strict compliance. (*Id.* at 20–26.) This is critical, as Talisman has not produced the required documentation suggesting it complied

---

[6] The Alaska legislature later amended the provision by striking a distinction between personal and commercial policies—all are now subject to the same durational notification period. *See* SLA 2025, ch. 17, § 65, eff. Jan. 1, 2026.

[7] The Alaska legislature later amended the provision to allow for electronic transmission, if confirmation of receipt can be obtained. *See* SLA 2006, ch. 80, § 33, eff. July 1, 2006.

ORDER
C25-1395-JCC
PAGE - 4

with these notice requirements. (*See* Dkt. No. 49-5 at 3, 4, 10–12.) Nor does Talisman indicate such documentation exists. (*See generally id.*)

Rather, in response, Talisman argues that, although AS 21.36.235 and AS 21.36.260 apply to its wet marine insurance, strict compliance is not required. (*See* Dkt. No. 51 at 6–11.) And Plaintiff had actual notice of the lay-up warranty. (*See id.*) Moreover, regardless, says Talisman, Plaintiff ostensibly requested this change, thus negating the notice requirement. (*See id.*) Based on legal authority and the record before the Court, all but the last argument is not well taken.

In *Travelers Prop. Cas. Co. of Am. v. Keluco Gen. Contractors, Inc.*, the Alaska Supreme Court ruled that a workers compensation insurance policy notice must strictly comply with AS 21.36.260. *See* 572 P.3d 537, 543–45 (Alaska 2025). Gallagher suggests this case controls the disposition here. (*See* Dkt. No. 48 at 22.) This is because a wet marine insurance policy renewal is similarly governed by AS 21.36.260 (as provided by AS 21.36.235). *See* AS 21.36.235; *Keluco*, 572 P.3d at 543. And while Talisman attempts to argue otherwise, the authority it relies on, *Blood v. Kenneth A. Murray Ins., Inc.*, 151 P.3d 428, 432 (Alaska 2006), (*see* Dkt. No. 51 at 6–7), is inapposite. The *Keluco* court explained as much. *See* 572 P.3d at 543–44.[8] Thus, Talisman provides the Court with insufficient authority to overcome the plain language of AS 21.36.235 and AS 23.36.260, requiring strict compliance. And there is little doubt, based on the record before the Court, that Talisman failed to meet this requirement. In fact, Talisman readily admits it never directly contacted Plaintiff (in any form) about its planned renewal modification; instead, it relied on Pacific Marine to do so. (Dkt. No. 49-5 at 4.) This does not comply with AS 21.36.260 and, by extension, AS 21.36.235. Thus, Talisman cannot establish a genuine issue of fact as to whether it complied with Alaska's notice requirement(s). It clearly did not.

Nevertheless, Talisman says Plaintiff sought the policy changes, thus negating the

---

[8] In *Blood* there was no dispute that notice was sent to the only address the insured provided (and that the insurer obtained USPS proof of mailing) but was returned as undeliverable. 151 P.3d at 432.

ORDER
C25-1395-JCC
PAGE - 5

application of AS 21.36.235. Indeed, the provision does not apply when the insured "specifically requested" the change at issue. AS 21.36.235(a) (2023). This is a factual question. And both sides cite to record evidence. Gallagher presents the Court with Plaintiff's 2022 renewal application, explicitly seeking coverage for "year-round operation[s]." (Dkt. No. 54 at 6.) Whereas Talisman presents Plaintiff's renewal applications for 2023 and 2024 coverage. (Dkt. Nos. 52-16, 52-17.) Each indicate that operations would be limited to a period running from January 1 through November 15. (Dkt. Nos. 52-16 at 4, 52-17 at 3.) Although each also indicate there will be "[n]o stated lay up." (*Id.*) This evidence is conflicting. It does not unequivocally indicate whether Plaintiff "specifically requested" the lay-up warranty and port risk endorsement now at issue.

Thus, this remains a genuine issue of fact. Accordingly, the Court cannot make a definitive ruling on this issue.

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Gallagher's partial motion for summary judgment and FINDS and ORDERS as follows:

- Talisman did not strictly comply with AS 21.36.235 and AS 21.36.260 in materially modifying its 2023 (and 2024) policy with Plaintiff to include the lay-up warranty and port risk endorsement.
- Unless Plaintiff specifically requested this change (which is a genuine issue of fact based on the present record), the lay-up warranty and port risk endorsement are invalid (to the extent the portion of the policy at issue here is wet marine insurance).

So DATED this 21st day of April 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-1395-JCC
PAGE - 6